IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:11-CV-1533-T-26TBM

YANCY HARRIER,

    Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC.
and SANTANDER CONSUMER USA, INC.,

    Defendants.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff, YANCY HARRIER ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Tampa, and City of Hillsborough.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).



6. Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. ("CRS") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant, SANTANDER CONSUMER USA, INC. ("Santander") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by the FCCPA.

8. Defendant CRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

9. Defendant Santander is a "debt collector" as defined by the FCCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant CRS.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant CRS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendant CRS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

13. In connection with the collection of an alleged debt, Defendant CRS, itself and on behalf of Defendant Santander, sent Plaintiff written communication on or about March 18, 2011

in which Defendant alleged that Plaintiff owed a debt to Defendant Santander. (Plaintiff is not currently in possession of the March 18, 2011 letter, but will obtain it through discovery).

14. However, said debt was discharged in Bankruptcy on October 13, 2011 and as such, Defendants falsely represented the character, amount, or legal status of Plaintiff's debt, and further, unfairly and unconscionably attempted to collect an amount from Plaintiff that is not permitted by law. (See October 13, 2010 Discharge of Debtor, attached hereto as Exhibit "A").

## COUNT I

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

16. Defendant CRS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant CRS violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

18. Defendant CRS violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with the collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant CRS violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

20. Defendant CRS violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant CRS violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA AGAINST CRS AND SANTANDER

21. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-14 of this complaint.

22. Defendants violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right doesn't exist.

WHEREFORE, Plaintiff, YANCY HARRIER, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this July 7th, 2011.

Respectfully submitted,
**YANCY HARRIER**

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

**Exhibit "A"**

Form B18 (Official Form 18)(12/07)

# United States Bankruptcy Court

## Middle District of Florida

Case No. 8:10-bk-16426-CED

Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years. including married, maiden, trade, and address):
Yancy Harrier
aka Yancie Harrier
5102 Belmere Parkway, Apt. 1606
Tampa, FL 33624

Social Security No.:
xxx-xx-2759

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

*Caryl E. Delano* (signature)

Dated: October 13, 2010

Caryl E. Delano
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B6F (Official Form 6F) (12/07) - Cont.

In re **Yancy Harrier**,
                    Debtor

Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxxx1968<br><br>New Millennium Bank<br>57 Livingston Ave<br>New Brunswick, NJ 08901 | | • | Opened 7/25/07 Last Active 7/01/09<br>CreditCard | | | | 144.00 |
| Account No. xxxxxxxxxxxx6097<br><br>Online Collections (Original Credit<br>202 W Fire Tower Rd<br>Winterville, NC 28590 | | • | Opened 11/15/08<br>Collection Tampa Electric Company | | | | 238.00 |
| Account No. 1937<br><br>Pinnacle Financial Group<br>7825 Washington Ave S.<br>Suite 310<br>Minneapolis, MN 55439 | | • | Cortrust | | | | 579.00 |
| Account No. xxxxxxxx2035<br><br>Plains Comm<br>Po Box 89937<br>Sioux Falls, SD 57109 | | • | Opened 1/01/03 Last Active 6/10/05<br>CreditCard | | | | 530.00 |
| Account No. xxxxxxxxxxxx1000<br><br>Santander<br>Po Box 961245<br>Fort Worth, TX 76161 | | • | Opened 1/01/08 Last Active 12/14/09<br>Automobile | | | | 7,803.00 |
| Sheet no. 7 of 8 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | Subtotal<br>(Total of this page) | | | | 9,294.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com        Best Case Bankruptcy